**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

KEVIN DONNELL MURPHY,

        *Plaintiff*,

    v.

U.S. DEPARTMENT OF HEALTH
AND HUMAN SERVICES, *et al.*,

        *Defendants*.

Civil No.: 1:24-cv-01592-JRR

## MEMORANDUM OPINION

Pending now before the court are Defendants United States Department of Health and Human Services ("HHS") and Xavier Becerra's[1] Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 19; the "Motion") and *pro se* Plaintiff Keven Donnell Murphy's Motion for Summary Judgment (ECF No. 18); Second Motion to Dismiss Defense Under Rule 12(b)(6) and Motion for Summary Judgment with Relief Under Rule 56 (ECF No. 23); Motion for Relief (ECF No. 24); Motion for Leave to File Exhibits (ECF No. 27); Motion for Relief (ECF No. 29); Motion to Dismiss Certified Debt Due to Violation of the Separation of Powers and Deprivation of Due Process (ECF No. 36); Motion for Summary Judgment and Request for Relief (ECF No. 42); Motion for Summary Judgment (ECF No. 47); Motion to Strike (ECF No. 48); Motion to Amend (ECF No. 50); Fourth Motion for Summary Judgment (ECF No. 51); Motion for Sanctions and Request for Investigation into Misrepresentation and Due Process Violations

---

[1] Plaintiff incorrectly refers to Xavier Becerra as "Xavier Pecerra." Mr. Becerra was the Secretary of HHS from March 19, 2021, until January 20, 2025. On February 13, 2025, Robert F. Kennedy, Jr. became the Secretary of HHS. In accordance with Federal Rule of Civil Procedure 25(d), Madam Clerk shall substitute Robert F. Kennedy, Jr. for Xavier Becerra as a Defendant in this action. As set forth herein, however, the court assesses some of Plaintiff's claims that, construed broadly, may seek to pursue liability against Mr. Becerra individually by reference to his name, and not by reference to Secretary Kennedy.

(ECF No. 52); Motion for Writ of Mandamus (ECF No. 53); Motion for Judicial Relief (ECF No. 56); Motion for Default Judgment with Prejudice (ECF No. 62); Motion to Strike (ECF No. 63); Motion to Strike (ECF No. 66); Motion to Correct (ECF No. 67); Motion to Acknowledge (ECF No. 68); Motion to Strike (ECF No. 70); Motion for Relief (ECF No. 71); Motion to Add Defendants and Substitute the Secretary of Health and Human Services (ECF No. 72); and Motion to Remove Former Secretary of Health and Human Services (ECF No. 73). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023).

## I.    BACKGROUND AND UNDISPUTED FACTS

Plaintiff commenced this action on June 3, 2024. (ECF No. 1.) On June 12, he filed an Amended Complaint. (ECF No. 4.) Plaintiff's claims arise from the suspension of his passport due to unpaid child support arrearages. (ECF No. 4-1 at p. 5.) Plaintiff provides scant factual allegations; yet from the exhibits attached to his Motion for Summary Judgment (ECF No. 18), which are uncontested by Defendants, the court gleans the below undisputed facts.[2]

By letter dated July 7, 2022, the United States Department of State informed Plaintiff that he was ineligible to receive a passport because he was in arrears of child support. (ECF No. 18-7 at p. 2.) The letter described that, pursuant to Section 51.60(a)(2) of Title 22 of the Code of Federal Regulations, the Department of State could not issue a passport to Plaintiff because a state agency had notified HHS about Plaintiff's outstanding child support obligation, and HHS had certified this debt to the Department of State. *Id.* The letter instructed Plaintiff to contact the appropriate state child support agency within 90 days to resolve the debt. *Id.* By letter of February 7, 2023,

---

[2] Plaintiff has not provided a statement of undisputed facts as required by Federal Rule of Civil Procedure 56 in any of his numerous motions for summary judgment. The court is entitled to deny his motions for summary judgment on that basis alone.

the Department of State informed Plaintiff that his eligibility for a passport had not changed, and, accordingly, his passport application was denied. *Id.* at p. 1.

Plaintiff alleges that HHS and Mr. Becerra violated the Administrative Procedure Act ("APA"), the Federal Tort Claims Act ("FTCA"), "various provisions of the United States Constitution, including the Due Process Clause of the Fifth Amendment," 42 U.S.C. §§ 1983 and 1985, "Title 22 of the Code of Federal Regulations," and the "Passport Act of 1926*." Id.* at pp. 4–5.

Before the deadline for Defendants to respond to the Amended Complaint, Plaintiff filed a Motion for Summary Judgment. (ECF No. 18.)  Subsequently, Defendants timely moved to dismiss the complaint, or in the alternative, for summary judgment. (ECF No. 19.)  Plaintiff opposed the Motion. (ECF No. 17.)  While these dispositive motions were fully briefed and pending, Plaintiff filed numerous other motions including five Motions for Summary Judgment (ECF Nos. 18, 23, 42, 47, and 51); three Motions for Relief (ECF Nos. 24, 29, 56); and a Motion to Amend (ECF No. 50).

## II.    LEGAL STANDARD[3]

### A. Federal Rule of Civil Procedure 12(d)

Defendants bring their Motion as a motion to dismiss or, alternatively, for summary judgment.  "A motion with this caption implicates the court's discretion under Fed. R. Civ. P. 12(d)." *Hayes v. Maryland Transit Admin.*, 708 F. Supp. 3d 683, 688 (D. Md. 2023), *aff'd*, No. 24-1482, 2024 WL 4262786 (4th Cir. Sept. 23, 2024) (quoting *Snyder v. Md. Dep't of Transp.*, No. CCB-21-930, 2022 WL 980395, at *4 (D. Md. Mar. 31, 2022)).  Federal Rule of Civil Procedure 12(d) provides: "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings

---

[3] Because the court will grant the Motion and deny Plaintiff's Motion for Summary Judgment and Motion to Amend, Plaintiff's remaining motions are denied as moot; the court therefore omits the relevant court rules and legal standards.

are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d).

"A district judge has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it'"; such discretion "should be exercised with great caution and attention to the parties' procedural rights." *Sammons v. McCarthy*, 606 F. Supp. 3d 165, 193 (D. Md. 2022) (quoting 5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1366 (3d ed. 2018)); *see Sol v. M&T Bank*, 713 F. Supp. 3d 89, 99–100 (D. Md. 2024) (same). "In general, courts are guided by whether consideration of extraneous material 'is likely to facilitate the disposition of the action,' and 'whether discovery prior to the utilization of the summary judgment procedure' is necessary." *Sammons*, 606 F. Supp. 3d at 193 (quoting 5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1366).

"There are two requirements for a proper Rule 12(d) conversion." *Greater Balt. Ctr. for Pregnancy Concerns. Inc. v. Mayor and City Council of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013). "First, all parties must 'be given some indication by the court that it is treating the Rule 12(b)(6) motion as a motion for summary judgment,' which can be satisfied when a party is aware 'material outside the pleadings is before the court.'" *Snyder v. Maryland Dep't of Transportation*, No. CV CCB-21-930, 2022 WL 980395, at *4 (D. Md. Mar. 31, 2022) (quoting *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985)). Where a movant expressly captions a motion as one for summary judgment "in the alternative," the non-movant is "on notice that this motion might be treated as one for summary judgment"; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). Second,

customarily, the parties must first "be afforded a reasonable opportunity for discovery." *Gay*, 761 F.2d at 177.

"Generally, if a party believes that summary judgment is procedurally inappropriate because the party needs discovery to properly oppose the motion, the party should file a Rule 56(d) affidavit informing the court of such." *Sol*, 713 F. Supp. 3d at 100 (citing *Sager v. Hous. Comm'n of Anne Arundel Cnty.*, 855 F. Supp. 2d 524, 542–43 (D. Md. 2012)). Even where a party fails to file an affidavit, "a district court abuses its discretion by granting summary judgment when it otherwise has 'fair notice of . . . potential dispute[s] as to the sufficiency of the summary judgment record.'" *Shaw v. Foreman*, 59 F.4th 121, 128 (4th Cir. 2023) (quoting *Pledger v. Lynch*, 5 F.4th 511, 526 (4th Cir. 2021)).

The nonmovant may not, however, "complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)); *see Shaw*, 59 F.4th at 128 (same). A non-movant "may not demand discovery for discovery's sake; a Rule 56(d) request is properly denied 'where the additional evidence sought . . . would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment.'" *Gardner v. United States*, 184 F. Supp. 3d 175, 181–82 (D. Md. 2016) (quoting *Strag v. Bd. of Trs.*, 55 F.3d 943, 954 (4th Cir. 1995)).

The first requirement is plainly met here, because Plaintiff had notice that the Motion may be treated as a motion for summary judgment based on the caption of the Motion. *See Laughlin*, 149 F.3d at 260, *supra*. As to the second requirement, Plaintiff does not argue that discovery is

needed; to the contrary, he moved for summary judgment four times before the commencement of discovery in this case. (ECF Nos. 18, 42, 47, 51.)

Along with the Motion, Defendants attached one exhibit, the Declaration of Scott Hale (ECF No. 19-2). Among his numerous motions, Plaintiff filed a Motion to Strike Exhibit 1 of Document 19-2 and for Sanctions Due to HHS'S Submission of Non-Certified Declaration Misrepresented as Certification. (ECF No. 63.) In the motion, Plaintiff asserts that Exhibit 1 (ECF No. 19-2), is "erroneously and improperly identifie[d] as a 'certification'. In reality, the document is merely a declaration, and does not meet the evidentiary standard required under federal or Maryland law for admissible certifications." (ECF No. 63 at p. 1.) Rule 56 requires that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: . . . affidavits or declarations[.]" FED. R. CIV. P. 56(c)(1)(A). Plaintiff does not otherwise dispute the authenticity or admissibility of the Declaration.

While the court, in the normal course of its judicial duties, often declines to convert alternative dispositive motions per Rule 12(d), especially when discovery has not commenced, both Plaintiff and Defendants request the court issue summary judgment on the existing record. Further, as explained above, Plaintiff makes no argument that he requires discovery to oppose the Motion, and raises no dispute as to the authenticity or admissibility of the document offered by Defendants in support of their Motion. Accordingly, the court will heed the parties' requests and convert the Motion to one for summary judgment.

## B. Federal Rule of Civil Procedure 56

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A material fact is one that "might affect

the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id*. at 249. Trial courts in the Fourth Circuit have an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)). A "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted); *see Robinson v. Priority Auto. Huntersville, Inc.*, 70 F.4th 776, 780 (4th Cir. 2023) (providing that "plaintiffs need to present more than their own unsupported speculation and conclusory allegations to survive").

In undertaking this inquiry, the court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). The court "must not weigh evidence or make credibility determinations." *Foster v. Univ. of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Adin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015) (explaining that the trial court may not make credibility determinations at the summary judgment stage). Indeed, it is the function of the factfinder to resolve factual disputes, including issues of witness credibility. *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014).

### C. Motion to Amend

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course" within 21 days of serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). Otherwise, however, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Rule 15(a) counsels that "[t]he court should freely give leave when justice so requires." *Id.* "The Supreme Court has emphasized that 'this mandate is to be heeded.'" *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "The Fourth Circuit's policy is 'to liberally allow amendment.'" *Lavin v. Safeco Ins. Co. of Am.*, No. SAG 22-1788, 2022 WL 17342051, at *1 (D. Md. Nov. 30, 2022) (quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)). Therefore, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson*, 785 F.2d at 509; see *Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 345 (D. Md. 2018) (noting that "[g]ranting leave to amend [] is the default under Rule 15").

## III. <u>ANALYSIS</u>

### A. Plaintiff's Motion for Summary Judgment

As an initial matter, the court is ever mindful that pro se filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards than filings drafted by lawyers. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007); FED. R. CIV. P. 8(f); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

"In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Such liberal construction, however, does not absolve Plaintiff from pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

In his first Motion for Summary Judgment (ECF No. 18), Plaintiff reiterates a number of the claims set forth in the Amended Complaint, and attaches two letters from the United States Department of State concerning the denial of his passport (ECF No. 18-7.) As relayed earlier, the first letter from the Department of State, dated July 7, 2022, explains that Plaintiff is ineligible to receive a passport because "[t]he applicant has been certified by the Secretary of the Health and Human Services as notified by a state agency under 42 U.S.C. 652(k) to be in arrears of child support in an amount determined by the statute." *Id.* at p. 2 (citing 22 C.F.R. 51.60(a)(2)). The letter specifies that the Department of State does not have information regarding the child support obligation and that an applicant (Plaintiff) must contact the relevant state child support agency to remedy the debt. *Id.* The second letter, dated February 7, 2023, indicates that Plaintiff's child support obligation has not changed and, accordingly, Plaintiff's passport application is denied. (ECF No. 18-7 at p. 1.)

Plaintiff fails to adduce evidence to support a finding that there exists no triable issue of fact on his claims and that, based on the undisputed facts, he is entitled to judgment as a matter of law (on any claim). Instead, Plaintiff's Motion for Summary Judgment merely reasserts his claims

from the Amended Complaint, and neither attached letter contains any information entitling him to judgment.  Accordingly, Plaintiff's Motion for Summary Judgment (ECF No. 18) will be denied.

### B.  Defendants' Motion

As discussed above, the court will convert the Defendants' Motion to a motion for summary judgment and will assess the Motion under Federal Rule of Civil Procedure 56.

### i.    *Denial of Passports for Nonpayment of Child Support – 42 U.S.C. § 652(k)*

In the Amended Complaint, Plaintiff repeatedly states his claim as, "I am contesting the certification of debt leading to the suspension of my passport."  (ECF No. 4-1 at pp. 3, 11.)  Plaintiff later explains that the debt in question is child support debt.  *Id*. at pp. 12–13.  Under 42 U.S.C. § 652(k), if HHS receives a certification from a state agency that an individual "owes arrearages of child support in an amount exceeding $2,500," HHS shall transmit the certification to the Secretary of State, and the Secretary of State shall "refuse to issue a passport, and may revoke, restrict or limit a passport previously issued, to" the individual.  42 U.S.C. § 652(k)(1), (2).  The statute makes clear that "[t]he Secretary [of HHS] and the Secretary of State shall not be liable to an individual for any action with respect to a certification by a State agency under this section."  *Id*. § 652(k)(3).  Accordingly, the Secretary of HHS may not be held liable to Plaintiff for the certification of debt leading to the suspension of his passport.

Plaintiff also may not hold HHS liable for the certification of debt leading to the suspension of his passport because, Section 652(k) does not authorize HHS to certify debt for such a purpose. *See* 2 U.S.C. § 652(k)(1); *see also* 42 U.S.C. § 654(31) (noting that "the State agency will have in effect a procedure for certifying to the Secretary, for purposes of the procedure under 652(k) of this title, determinations that individuals owe arrearages of child support in an amount exceeding $2,500.")  Throughout his filings, Plaintiff repeatedly alleges that HHS certified his debt.  (*See,*

*e.g.,* ECF No. 4-1 at p. 5.) This allegation is not only contrary to the procedures set forth in Section 652(k); Scott Hale's declaration demonstrates that, in accordance with Section 652(k), the Delaware Division of Child Support Services, not HHS, certified Plaintiff's child support debt. (ECF No. 19-2.)

Scott Hale, the Federal Collection and Enforcement Manager in the Office of Child Support Services' ("OCSS") Division of Federal Systems within the Administration for Children and Families, a division of HHS, conducted a review of the relevant data and records relating to Plaintiff's child support debt, and retrieved the following information:

> a. On February 21, 2022, the Delaware Division of Child Support Services certified to OCSS that Plaintiff had an initial arrears balance of $2,453.00.
>
> b. On March 7, 2022, the Delaware Division of Child Support Services certified to OCSS that Plaintiff had an updated arrears balance of $3,433.00. In accordance with 42 U.S.C. § 652(k)(1) because the arrears reported by the Delaware Division of Child Support Services for Plaintiff exceeded the statutory threshold amount of $2,500, OCSS flagged Plaintiff for submittal to the United States Department of State ("State Department") for inclusion in the Passport Denial Program.
>
> c. On March 8, 2022, OCSS submitted the Plaintiff's case to the State Department for the Passport Denial Program. This resulted in the State Department denying Plaintiff a passport.
>
> d. On June 5, 2023, in its most recent reporting, the Delaware Division of Child Support Services reported that Plaintiff had an updated arrears balance of $18,133.00. As such, Plaintiff remains active in the State Department's passport denial program.

(ECF No. 19-2 at p. 3.)

Plaintiff submits no admissible record evidence to contradict Mr. Hale's account. Accordingly, there is no question of material fact as to whether HHS or the HHS Secretary certified Plaintiff's debt leading to the denial of his passport; they did not – the Delaware Division of Child

Support Services did.  Accordingly, as the basis for Plaintiff's claims is the certification of his child support debt, and Plaintiff cannot establish a claim against HHS or its Secretary arising from same, Defendants are entitled to summary judgment on all claims.  Nevertheless, the court will address Plaintiff's alleged causes of action in turn.

### ii.    *Administrative Procedure Act – 5 U.S.C. § 706*

The APA instructs a reviewing court to hold unlawful and set aside final agency actions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).  "A disputed action also may be set aside as arbitrary and capricious if the agency has acted 'without observance of procedure required by law.'"  *Safari Club Int'l v. Zinke*, 878 F.3d 316, 325 (D.C. Cir. 2017) (first quoting 5 U.S.C. § 706(2)(D); then citing *Meister v. U.S. Dep't of Agric.*, 623 F.3d 363, 371 (6th Cir. 2010) (noting that "even in cases arising under § 706(2)(D), the arbitrary-and-capricious standard frequently governs.")); *see also Ctr. for Sci. in the Pub. Int. v. Perdue*, 438 F. Supp. 3d 546, 557 (D. Md. 2020) (same).

Plaintiff's APA claim reads in full "[t]he APA outlines the procedural requirements for federal agencies when carrying out their duties.  It establishes principles of accountability, transparency, and fairness in agency actions.  Under the APA, agencies are generally required to follow prescribed procedures when making decisions that affect individuals' rights, including decisions related to passport suspension."  (ECF No. 4-1 at p. 3.)

Plaintiff fails to plead any facts showing entitlement to relief under the Act.  Inasmuch as Plaintiff seeks to hold Defendants liable under the APA for transmitting a state agency certification of Plaintiff's child support debt to the Department of State, Defendants have acted precisely in accordance with law (here, 42 U.S.C. § 652(k)), and Plaintiff's claim fails.  Construing the

Amended Complaint in Plaintiff's utmost favor as a *pro se* non-movant, the court cannot discern even the contours of a plausible APA claim, much less any allegations or evidence to support same.

### iii.    *Federal Tort Claims Act – 28 U.S.C. § 2674*

Plaintiff next appears to allege that Defendants violated the FTCA. (ECF No. 4-1 at pp. 3–4.) The FTCA "allows a plaintiff to bring certain state-law tort suits against the Federal Government." *Brownback v. King*, 592 U.S. 209, 210 (2021). Plaintiff, however, has not alleged that Defendants committed any state-law tort; nor does he seek to bring suit against the federal government. *See Chang-Williams v. Dep't of the Navy*, 766 F. Supp. 2d 604, 608 (D. Md. 2011) (noting "the proper defendant in [a] FTCA action is the United States."); *Farmer v. Marshall*, No. GJH-21-01295, 2022 WL 229020, at *3 (D. Md. Jan 25, 2022) (explaining "the law makes clear that the United States is the only proper party defendant to a FTCA suit."). Accordingly, there is no triable issue of fact as to Plaintiff's FTCA claim, and judgment in Defendants' favor is appropriate.

### iv.    *Fifth Amendment*

Plaintiff additionally alleges that Defendants infringed his Fifth Amendment due process rights. The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law . . . ." U.S. CONST. amend. V, § 1. "These words mean that the government may not take certain actions without providing procedural protections mean to prevent erroneous decisions." *Elhady v. Kable*, 993 F.3d 208, 219 (4th Cir. 2021). "[T]o advance a due process claim, [a plaintiff] must first establish that he had a property or liberty interest at stake." *Smith v. Ashcroft*, 295 F.3d 425, 429 (4th Cir. 2002). A procedural due process claim must demonstrate a substantial infringement of this property or liberty interest. *Elhady*, 993 F.3d at 219. To establish a substantive due process claim, a plaintiff must show governmental action "so

arbitrary and irrational, so unjustified by any circumstance or government interest, as to be literally incapable of avoidance by any pre-deprivation procedural protection or of adequate rectification by any post-deprivation state remedies." *Menk v. MITRE Corp.*, 713 F. Supp. 3d 113, 172 (D. Md. 2024) (quoting *Bauer v. Summey*, 568 F. Supp. 3d 573, 590 (D.S.C. 2021)).

While the Fourth Circuit has not had occasion to consider the due process implications of the passport suspension program set forth in 42 U.S.C. § 652(k), the Second and Ninth Circuit Courts of Appeals have both upheld the program in the face of due process challenges. In *Eunique v. Powell*, 302 F.3d 971 (9th Cir. 2002), the Ninth Circuit explained that "international travel is no more than an aspect of liberty that is subject to reasonable government regulation within the bounds of due process." *Id*. at 974 (quoting *Hutchins v. Dist. Of Columbia*, 188 F.3d 531, 537 (D.C. Cir. 1999)). Applying rational basis review, the Ninth Circuit determined the program was a reasonable fit between governmental purpose and the means chosen to advance that purpose given that "the failure of parents to support their children is recognized by our society as a serious offense against morals and welfare. . . . It is the very kind of problem that the legislature can address." *Id*.

The Second Circuit has also upheld 42 U.S.C. § 652(k) and, importantly, noted that "[b]ecause of the ministerial role played by the executive branch, providing for a federal hearing for [debtors] would be futile because the crucial determination is made not by the federal government, but by the applicable state agency" and "[t]here is no question then, with respect to the denial of passport applications for those situated like plaintiff, that the statute provides for timely notice and a meaningful opportunity to contest, and therefore comports with due process." *Weinstein v. Albright*, 261 F.3d 127, 136–37 (2d Cir. 2001). This court finds no reason to revisit

14

the Circuit Courts of Appeals' findings; and Plaintiff provides no admissible record evidence to create a triable issue of fact as to whether Defendants violated his due process rights.

    **v.**    ***42 U.S.C. § 1983***

Plaintiff additionally alleges Defendants violated 42 U.S.C. § 1983. (ECF No. 4-5 at p. 1.) Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). Section 1983 applies only to persons acting under color of state law, it is thus inapplicable to federal agencies, including HHS, and federal officers, including the HHS Secretary. *District of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973); *see Mills v. U.S. Dep't of Just.*, No. 1:24CV988 (RDA/WEF), 2025 WL 1210544, at *3 (E.D. Va. Apr. 25, 2025) (same) (collecting cases).

Plaintiff's Amended Complaint does not specify whether he intends to sue Mr. Becerra in his individual or official capacity. In view of Plaintiff's *pro se* status, the court will construe the Amended Complaint to pursue claims against Mr. Becerra in both capacities. Following *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), a plaintiff may sue federal actors in their individual capacities for monetary remedies. "To state a *Bivens* claim, a

plaintiff must allege that 'a federal agent acting under color of his [federal] authority' violated his constitutional rights." *Williams v. United States*, No. CV DKC-21-537, 2021 WL 1720230, at *2 (D. Md. Apr. 30, 2021) (quoting *Bivens*, 403 U.S. at 389).

Plaintiff's Section 1983 claim against Mr. Becerra, construed as a *Bivens* claim, fails because Plaintiff alleges that Mr. Becerra violated his rights by way of his supervisory capacity only. *See* ECF No. 4-1 at p. 3 ("department heads and federal/state agencies, including Secretary Xavier Pecerra [sic], are responsible for ensuring the proper conduct and performance of their employees."). "In a *Bivens* suit, there is no *respondeat superior* liability." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). As the Fourth Circuit recently explained,

> "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Id.* at 676, 129 S. Ct. 1937. Put differently, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* at 677, 129 S. Ct. 1937. And a supervisor's "mere knowledge" that his subordinates are engaged in unconstitutional conduct is not enough. *Id.* Liability is thus determined person by person: A plaintiff must show "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*; *see also Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).
>
> As liability here is personal, a complaint must contain specific allegations of each individual's conduct and state of mind. *Iqbal*, 556 U.S. at 677, 129 S. Ct. 1937.

*King v. Riley*, 76 F.4th 259, 269 (4th Cir. 2023).

Plaintiff submits no admissible record evidence sufficient to create a triable issue of fact as to whether Mr. Becerra's individual actions violated Plaintiff's constitutional rights. Indeed, Plaintiff does not even allege that Mr. Becerra individually took any such action. Accordingly, Defendants are entitled to judgment in their favor on Plaintiff's Section 1983 claims.

### vi.    *Conspiracy to Interfere with Civil Rights – 42 U.S.C. § 1985*

Plaintiff alleges that Defendants conspired to violate his civil rights in violation of 42

U.S.C. Section 1985(3).  (ECF No. 4-2 at pp. 5–6.)   In pertinent part, Section 1985(3) provides,

> If two or more persons ... conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws ... the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).  Again, HHS, as a federal agency, is not a person for purposes of the statute.

It is "well settled" that to sufficiently plead a "'conspiracy to deny equal protection of the

laws' under section 1985(3)," a plaintiff must allege: "(1) a conspiracy of two or more persons, (2)

who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the

plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury

to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection

with the conspiracy." *Simmons v. Foe*, 47 F.3d 1370, 1376 (4th Cir. 1995); *see also Bangura v.*

*Dep't of Pub. Safety & Corr. Servs.*, No. CV JKB-23-2728, 2025 WL 449681, at *8 (D. Md. Feb.

10, 2025) (same).  Importantly, "[t]o survive a motion to dismiss, plaintiffs alleging conspiracy

under Section 1985(3) must 'plead specific facts in a nonconclusory fashion.'" *Davenport v.*

*Maryland*, 38 F. Supp. 3d 679, 692 (D. Md. 2014) (quoting *Gooden v. Howard Cnty., Md.*, 954

F.2d 960, 970 (4th Cir. 1992)).

Plaintiff has nowhere pled specific facts, or offered admissible record evidence, regarding

a conspiracy of two or more persons motivated by a specific class-based discriminatory animus.

Plaintiff merely alleges "[t]he actions of the Defendant, in cooperation with state agencies,

constitute a conspiracy to interfere with the Plaintiff's civil rights."  (ECF No. 4-2 at p. 6.)  There

is no triable issue of fact as to Plaintiff's § 1985 claim, and judgment will be entered in Defendants'
favor.

### vii.    *Additional Claims*

Plaintiff additionally purports to bring claims under the Passport Act of 1926, Title 22 of
the Code of Federal Regulations, the Commerce Clause (U.S. CONST. art. I, § VIII, cl. 3), the
Appointments Clause (*Id*. art. II, § II, cl. 2), the Supremacy Clause (*Id*. art. VI, cl. 2), and the
Universal Declaration of Human Rights.  (ECF No. 4-1 at p. 1, No. 4-2 at p. 1.)

The Passport Act (22 U.S.C. § 211a) authorizes the Secretary of State and employees of
the Department of State to grant and issue passports.  The Act specifies that "no other entity shall
grant, issue, or verify such passports."  22 U.S.C.  § 211a.  Plaintiff does not explain how the Act
applies to Defendants; nor has he submitted any admissible record evidence to suggest Defendants
granted or issued passports.

As for his claim under Title 22 of the Code of Federal Regulations, Plaintiff alleges, in full,
"Title 22 of the CFR contains regulations governing the issuance and revocation of passports by
the Department of State. These regulations outline the procedure and criteria for issuance and may
provide additional guidance on the responsibilities of federal agencies in passport-related matters."
(ECF No. 4-1 at p. 4.)  Plaintiff fails to allege how Defendants violated the proscriptions of the
Code, and further fails to submit any admissible record evidence suggesting same.

Similarly, Plaintiff mentions numerous Constitutional provisions without specifying how
Defendants actions allegedly violated same.  Mere incantation of constitutional, statutory, or
regulatory provisions fails to state a claim under Rule 12(b)(6), and likewise fails under Rule 56.

Finally, "the Universal Declaration of Human Rights is a non-binding declaration that
provides no private rights of action."  *United States v. Chatman*, 351 F. App'x 740, 741 (3d Cir.

2009) (citing *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004)).  Accordingly, judgment will be entered in favor of Defendants on Plaintiff's claims pursuant to the Declaration of Human Rights.

### C.  Plaintiff's Motion to Amend

On April 10, 2025, Plaintiff filed a Motion to Amend Amended Complaint.  (ECF No. 50.) Plaintiff appears to seek to add Scott Hale as a Defendant and to assert four additional causes of action: "Violation of Due Process Rights (Fifth Amendment);" "Fraudulent and Unconstitutional Certification Under 28 U.S.C. § 1691 and 42 U.S.C. § 654(31);" "Lack of Jurisdiction Under 4 U.S.C. § 72;" and "Violation of the Right to Travel."  (ECF Nos. 46, 50.)[4]

Leave to amend "should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face."  *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 510 (4th Cir. 1986).  A court is also permitted to deny as futile a request for leave to amend where the "proposed amended complaint fails to satisfy the requirements of the federal rules."  *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)); *see In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021) ("[I]n recent years, we have made clear that district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny.").

In Plaintiff's proposed "Violation of Due Process (Fifth Amendment)" claim, he avers:

> The revocation of Plaintiff's passport, based on a fraudulent and uncertified declaration, was carried out without the due process protections guaranteed by the Fifth Amendment to the U.S. Constitution. Specifically, Plaintiff was not given proper notice or a meaningful opportunity to be heard before an impartial tribunal. The

---

[4] Plaintiff filed a Second Amended Complaint (ECF No. 46) without filing a motion for leave to amend.  As a result, the court issued a deficiency notice (ECF No. 49) instructing Plaintiff to file the requisite motion for leave.  Plaintiff did so at ECF No. 50.

> suspension of a fundamental constitutional right, such as the right to travel, without proper process constitutes a severe violation of Plaintiff's constitutional rights.

(ECF No. 46 at p. 2.)

As explained above, pursuant to § 652(k), neither HHS, nor Mr. Becerra, nor Scott Hale was responsible for certifying the child support debt leading to the revocation of Plaintiff's passport. Further, also explained above, "[b]ecause of the ministerial role played by the executive branch, providing for a federal hearing for [debtors] would be futile because the crucial determination is made not by the federal government, but by the applicable state agency." *Weinstein v. Albright*, 261 F.3d 127, 136 (2d Cir. 2001). Accordingly, Plaintiff cannot state a claim for violation of his Fifth Amendment due process rights against HHS, Mr. Becerra, or Mr. Hale.

The same is true for Plaintiff's proposed count for "Violation of the Right to Travel." Again, in accordance with Section 652(k), Defendants merely transmitted the debt certified by the Delaware Division of Child Support. Additionally, as set forth above, "international travel is no more than an aspect of liberty that is subject to reasonable government regulation within the bounds of due process," including the passport denials authorized by § 652(K). *Eunique v. Powell*, 302 F.3d 971, 974 (9th Cir. 2002).

At proposed Count II, Plaintiff alleges:

> Under 28 U.S.C. § 1691, all process issued by a court must be properly certified and must bear the official seal of the court. The certification used to revoke Plaintiff's passport was not properly issued by a court, violating the statutory requirements of 28 U.S.C. § 1691.

> Further, 42 U.S.C. § 654(31) requires that a state agency must provide a certification of arrears to the U.S. Department of State before passport suspension can occur. Defendants failed to provide the required certification, and the document submitted by Defendant

Scott Hale was not certified as required, rendering it both legally insufficient and fraudulent.

(ECF No. 46 at p. 2.)

Under § 652(k), certification from the relevant state agency is not process issued by a court; accordingly, it is not subject to 28 U.S.C. § 1691. Section 652(k) authorizes the Department of State to revoke passports; it does not require a court order to do so. Defendants are a federal agency, its former Secretary, and an agency employee. None of them is governed by 42 U.S.C. § 654(k), which requires state agencies to have a procedure for certifying debt to the Secretary of HHS. Further, the court notes, in compliance with 42 U.S.C. § 654(31)(a), the Department of State afforded Plaintiff notice of the determination that he owed arrearages of child support in an amount exceeding $2,500, and Plaintiff attached a copy of this notice to his Motion for Summary Judgment (ECF No. 18-7.)

In his third proposed count, Plaintiff alleges "Lack of Jurisdiction Under 4 U.S.C. § 72." (ECF No. 46 at p. 2.) Section 72 provides that federal offices shall be located in the District of Columbia. 4 U.S.C. § 72. Plaintiff incorrectly avers that this statute limits the jurisdiction of HHS to the bounds of the District of Columbia; Plaintiff is mistaken. Count III fails to state a claim.

Plaintiff's Motion to Amend (ECF No. 50) is thus denied on grounds of futility.

**D. Plaintiff's Remaining Motions**

While Plaintiff's and Defendants' Motions for Summary Judgment were fully briefed and pending, Plaintiff has filed a plethora of other, often duplicative, motions in this case. In view of the court's denial of Plaintiff's Motion for Summary Judgment (ECF No. 18) and Motion to Amend (ECF No. 50), and grant of Defendants' Motion (ECF No. 19), Plaintiff's remaining pending motions will be denied as moot.

IV.    **CONCLUSION**

For the reasons set forth herein, by separate order, Defendants' Motion, construed as a motion for summary judgment (ECF No. 19) shall be granted and Plaintiff's pending motions (ECF Nos. 18, 23, 24, 27, 29, 36, 42, 47, 48, 50, 51, 52, 53, 56, 62, 63, 66, 67, 68, 70, 71, 72, 73) shall be denied or denied as moot as set forth herein.


May 20, 2025                          /s/_____
                                     Julie R. Rubin
                                     United States District Judge