**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

KEVIN DONNELL MURPHY,

        *Plaintiff*,

        v.

U.S. DEPARTMENT OF HEALTH
AND HUMAN SERVICES, *et al.*,

        *Defendants*.

Civil No.: 1:24-cv-01592-JRR

---

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending now before the court are *pro se* Plaintiff's Motion to Vacate Judgment Under Rule 60(b) (ECF No. 78); "Motion to Reopen Judgment and for Relief Due to Violation of Due Process and Improper Dismissal Under Mootness Doctrine" (ECF No. 81); Motion for Leave to File Amended Complaint (ECF No. 82); Motion for Discovery (ECF No. 83); Motion to Compel Production of Passport Certification from HHS (ECF No. 85); Second Motion to Compel Production of Certification (ECF No. 86); and Third Motion to Compel Production of Documents and for Judicial Intervention (ECF No. 88). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

**I.    <u>BACKGROUND</u>**

The court incorporates the background set forth in its memorandum opinion at ECF No. 74. By order of May 20, 2025, for the reasons set forth in the accompanying memorandum opinion (ECF No. 74), the court entered judgment in Defendants' favor and directed Madam Clerk to close this case. (ECF No. 75.) Two days later, Plaintiff filed a Notice of Appeal and a Motion to Vacate Judgment Under Rule 60(b). (ECF Nos. 76, 78.) Plaintiff proceeded to file Motions to Reopen Judgment and for Relief due to Violation of Due Process and Improper Dismissal under Mootness

Doctrine (ECF No. 81) and to Amend (ECF No. 82). Additionally, Plaintiff filed four motions seeking the production of documents related to the certification of his child support debt to the United States Department of Health and Human Services ("HHS") and the United States Department of State's denial of his passport application. (ECF Nos. 83, 85, 86, 88.)

## II.    LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 60(b)

"Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). In particular, Rule 60(b) provides—"On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

"To prevail, a party must first demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Justus v. Clarke*, 78 F.4th 97, 105 (4th Cir. 2023), *cert. denied sub nom. Dotson v. Justus*, 144 S. Ct. 1096

(2024) (footnotes omitted) (quoting *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017)). "Once a party has met this threshold, he must then show that he qualifies for relief under one of the six specific categories listed in Rule 60(b)." *Id.* at 105–106 (citing *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)).

## B. Federal Rule of Civil Procedure 15(a)

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course" within 21 days of serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). Otherwise, however, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Rule 15(a) counsels that "[t]he court should freely give leave when justice so requires." *Id.* "The Supreme Court has emphasized that 'this mandate is to be heeded.'" *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "The Fourth Circuit's policy is 'to liberally allow amendment.'" *Lavin v. Safeco Ins. Co. of Am.*, No. SAG 22-1788, 2022 WL 17342051, at *1 (D. Md. Nov. 30, 2022) (quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)). Therefore, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson*, 785 F.2d at 509; see *Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 345 (D. Md. 2018) (noting that "[g]ranting leave to amend [] is the default under Rule 15").

III.    <u>**ANALYSIS**</u>

    **A. Motion to Vacate Judgment Under Rule 60(b)**

      In his Motion to Vacate, Plaintiff cites Rule 60(b) subsections (1) "mistake or misapprehension of law or fact," (2) "new evidence," (4) "void judgment," and (6) "any other reason." (ECF No. 78 at p. 1.)  Plaintiff's argument that the court should vacate its order based on mistake, voidness, or any other reason appear to be based in Plaintiff's contention that the court improperly dismissed his claims as moot without providing adequate opportunity for Plaintiff to address mootness.  In its memorandum opinion and order entering judgment in favor of Defendants, the court addressed the merits of Plaintiff's summary judgment motion and motion to amend as well as Defendants' summary judgment motion.  After granting the latter, the court dismissed Plaintiff's remaining motions as moot.  Plaintiff, however, incorrectly avers that the court dismissed Plaintiff's claims against Defendants as moot; this is not the case.  Accordingly, the court finds no reason to reconsider its opinion and order on such grounds.

      To the extent Plaintiff seeks reconsideration on the grounds of newly discovered evidence, he fails to allege or explain with any detail any such evidence.  To the extent the new evidence Plaintiff refers to is Scott Hale's declaration, the court already addressed Plaintiff's argument regarding the use of the declaration to support Defendants' motion (ECF No. 74 at p. 6).  As set forth in this court's opinion at ECF No. 74, Defendants submitted the declaration of Scott Hale to support their argument that no triable issue of fact existed as to whether the Delaware Division of Child Support Services certified to OCSS that Plaintiff was in arrears of child support.  (ECF No. 19-1 at p. 8.)  Mr. Hale declared, under penalty of perjury, that in his capacity as an OCSS employee, he was able to access OCSS's internal record-keeping system where he reviewed information indicating that on March 7, 2022, the Delaware Division of Child Support Services

certified to OCSS that Plaintiff had an arrears balance of $3,433. (ECF No. 19-2 at p. 3.) Mr. Hale's Declaration was made for the purposes of the instant litigation. *See id*. at p. 2 ("I, the undersigned, Scott Hale, do hereby make the following declaration pertinent to the above-styled cause of action"). Mr. Hale's Declaration is not the certification submitted to OCSS by the State of Delaware; nor do Defendants represent it as such. Accordingly, Plaintiff's allegations regarding new evidence of the lack of a certification are unavailing and do not amount to grounds for reconsideration.

### B. Motion to Reopen Judgment and for Relief due to Violation of Due Process and Improper Dismissal under Mootness

In Plaintiff's "Motion to Reopen Judgment and for Relief due to Violation of Due Process and Improper Dismissal under Mootness" (ECF No. 81) he seeks relief under Rule 60(b)(1), (4), and (6). For the reasons set forth above, this requested relief will be denied. Further, Plaintiff avers that the "government later filed a motion to dismiss based on mootness." (ECF No. 81 at p. 1.) To reiterate, Plaintiff's claims against Defendants were not dismissed on grounds of mootness; nor did Defendants seek dismissal based on same. Upon consideration of Plaintiff's and Defendants' motions for summary judgment, the court entered summary judgment on Plaintiff's claims in Defendants' favor. After doing so, and denying Plaintiff's Motion to Amend, the court then denied Plaintiff's remaining motions as moot, as Plaintiff's claims had been adjudicated in Defendants' favor. Plaintiff's motion at ECF No. 81 will be denied.

### C. Motion to Amend

Finally, on June 4, 2025, Plaintiff filed a Motion to Amend the Second Amended Complaint. (ECF No. 82.) Plaintiff's proposed amended complaint at ECF No. 82-1 does not include factual allegations or causes of action. Without factual allegations or claims for relief, Plaintiff's proposed amended complaint is futile, as no relief can be granted where no cause of

action is forwarded.  Further, in view of the court's above evaluation of Plaintiff's motions at ECF Nos. 78 and 81, this action remains closed but for review of these pending post-judgment motions; accordingly, Plaintiff's Motion to Amend the Second Amended Complaint will be denied as moot.

### D.  Discovery Motions

In addition to the motions described above, Plaintiff also filed a "Motion for Discovery" (ECF No. 83), a "Motion to Compel Production of Passport Certification from HHS" (ECF No. 85); a "Second Motion to Compel Production of Certification" (ECF No. 86); and a "Third Motion to Compel Production of Documents and for Judicial Intervention" (ECF No. 88).

In the "Motion for Discovery" at ECF No. 83, Plaintiff moves under Rule 56(d) for discovery prior to summary judgment.  Such request is untimely, the court already ruled on both Plaintiff's and Defendants' motions for summary judgment.  Plaintiff did not raise the need for discovery in response to Defendants' motion for summary judgment and, indeed, he filed his own motion for summary judgment before the inception of discovery.  Finally, the court notes, to the extent Plaintiff now avers that he did not receive a copy of the Secretary's certification to the Department of State, 42 U.S.C. 652(k) does not require the Secretary to provide the individual in arrearages of child support with a copy of the certification.

In his Motions at ECF Nos. 85, 86, and 87, Plaintiff requests this court to compel Defendants to produce documents related to the denial of Plaintiff's passport.  Pursuant to Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  Plaintiff filed the numerous motions to compel after the court entered judgment in

Defendants' favor and while the motions to reopen and to vacate judgment were pending.  His discovery motions will therefore be denied.

IV.    **CONCLUSION**

For the reasons set forth herein, it is this 3rd day of July 2025 **ORDERED** that:

Plaintiff's Motion to Vacate Judgment Under Rule 60(b) (ECF No. 78); "Motion to Reopen Judgment and for Relief Due to Violation of Due Process and Improper Dismissal Under Mootness Doctrine" (ECF No. 81); Motion for Leave to File Amended Complaint (ECF No. 82); Motion for Discovery (ECF No. 83); Motion to Compel Production of Passport Certification from HHS (ECF No. 85); Second Motion to Compel Production of Certification (ECF No. 86); and Third Motion to Compel Production of Documents and for Judicial Intervention (ECF No. 88) shall be, and hereby, **DENIED**.

Madam Clerk shall transmit a copy of this memorandum opinion and order to Plaintiff and counsel of record.

/s/_____
Julie R. Rubin
United States District Judge